IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EVA MULCAHY, Individually and as Special Administrator of the Estate of JOHN MULCAHY, Deceased, ) ) ) ) | |
| Plaintiff, ) ) | Cause No.:_____ |
| vs. ) ) | Cook County Circuit Court No. 08-L-005658 |
| BUFFALO PUMPS, INC.; ) CBS CORPORATION f/k/a VIACOM, INC. ) (sued as successor-by-merger to CBS ) CORPORATION f/k/a WESTINGHOUSE ) ELECTRIC CORPORATION and as ) successor-in-interest to BF STURTEVANT); ) GENERAL ELECTRIC COMPANY; ) HENRY TECHNOLOGIES, INC. (sued ) individually and as successor-in-interest to ) HENRY VALVE CO.); ) JOHN CRANE, INC.; ) VIAD CORPORATION f/k/a THE DIAL ) CORPORATION (sued individually and as ) successor-in-interest to GRISCOM- ) RUSSELL COMPANY), ) ) Defendants. ) | FILED: JULY 14, 2008 08CV3971 JUDGE ST. EVE MAGISTRATE JUDGE SCHENKIER YM |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant Viad Corp ("Viad"), improperly named herein as "Viad Corporation, f/k/a The Dial Corporation (sued individually and as successor-in-interest to Griscom-Russell Company)," by and through its attorneys, Foley & Mansfield, P.L.L.P., hereby removes this action to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1441(b), 1442 (a)(1), and 1446(a) and (b).

1. On May 22, 2008, Plaintiff Eva Mulcahy, as Special Administrator of the Estate of John Mulcahy, deceased, filed this lawsuit in the Circuit Court of Cook County, Illinois,

1

County Department, Law Division, Cause No. 08-L-005658, to recover money damages for personal injuries resulting from alleged exposure to asbestos. A true and accurate copy of the Complaint is attached hereto as Defendant's Exhibit A.

2. Viad was served with the Complaint on June 12, 2008. A true and accurate copy of CT Corporation's Service of Process Transmittal is attached hereto as Defendant's Exhibit B.

3. The service date was the first date upon which Viad received a copy of the Complaint. A true and accurate copy of the Summons is attached hereto as Exhibit C.

4. Pursuant to 28 U.S.C. §1446(b) this Notice of Removal is timely filed within 30 days of when Viad received its first notice of facts indicating that this action was removable under 28 U.S.C. §1442(a)(1) as set forth below.

5. Viad has been sued individually and as an alleged successor-in-interest to Griscom-Russell Company. *See* Exhibit A, page 2.

6. Viad disputes that it is a successor-in-interest to Griscom-Russell Company, which is asserted in Defendant Viad Corp's Answer to Plaintiff's Complaint. A true and genuine copy of which is attached hereto as Defendant's Exhibit D.

7. Plaintiff's Complaint states that "Plaintiff's Decedent John Mulcahy served aboard the USS Shannon (DD-737/DM-25/MMD-25) as a boiler tender third class, serial no. 3024968, from approximately 1948 through 1952[,]" which allegedly caused him to be exposed to products manufactured by various defendants, including "asbestos-containing Griscom-Russell distilling plants and fuel oil heaters." *See* Exhibit A, General Allegations, Plaintiff, ¶3.

8. Upon information and belief, Griscom-Russell Company was a manufacturer and supplier of certain equipment to the United States Navy.

11. It is apparent to Viad, based on the improper assertion that it is a successor-in-

interest to Griscom-Russell Company and the allegations of the Complaint, that Plaintiff's claims against Viad are based on the allegation that John Mulcahy was exposed to certain asbestos containing products manufactured and sold to the Navy by Griscom-Russell while John Mulcahy served in the United States Navy.

12. Any equipment Griscom-Russell Company manufactured and sold to the United States Navy was pursuant to procurement contracts entered into with the United States Navy and in accordance with precise specifications required by the United States Navy. *See* Declarations of Rear Admiral (USN, Retired) Ben J. Lehman and Charles R. Cushing, true and accurate copies of which are attached hereto respectively as Defendant's Exhibit E and Exhibit F.

13. Viad removes this claim pursuant to the federal officer removal provisions of 28 U.S.C. §1442 (a)(1). *See, e.g., Harris v. Rapid American Corp.*, 532 F.Supp.2d 1001 (N.D. Ill. 2007); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992 (7th Cir. 1996); *Paldrmic v. Altria Corporate Services, Inc.,* 327 F.Supp.2d 959 (E.D. Wis. 2004); *Sheba v. U.S. Department of the Treasury Bureau of Public Debt,* 196 F.Supp.2d 743 (N.D. Ill. 2002); *Venezia v. Robinson*, 16 F.3d 209 (7th Cir. Ill. 1994); *Marley v. Elliott Turbomachinery Co., Inc.*, 545 F.Supp.2d 1266 (S.D. Fla. 2008) (federal officer removal by contractor manufacturer of Navy ship parts and devices held appropriate); *Contois v. Able Industries Inc.*, 523 F.Supp.2d 155 (D.Conn. 2007)(federal officer removal requirements were met by removing Navy contractors); *Machnik v. Buffalo Pumps Inc.,* 506 F.Supp.2d 99 (D. Conn. 2007)(Navy ship equipment manufacturers' federal officer removal allowed in asbestos personal injury claim involving state law failure to warn claims); *Ferguson v. Lorillard Tobacco*, 475 F. Supp. 2d 725 (N.D. Ohio 2007)(federal officer removal of asbestos injury lawsuit allowed for evaporator manufacturer that supplied product in accordance with Navy specifications); *Nesbiet v. General Electric Co.,* 399 F.Supp.2d 205 (S.D.N.Y.

2005)(federal officer removal by Navy ship turbine manufacturer was warranted in asbestos personal injury lawsuit); *Crocker v. Borden, Inc.*, 852 F. Supp. 1322 (D.C. La. 1994) (government contractor allowed to remove asbestos-related claims when it shows it was acting under direction of the Navy); *Pack v. AC&S, Inc.*, 838 F.Supp. 1099 (D.C. Md. 1993)(removal of asbestos personal lawsuit against manufacturer of turbines supplied to government allowed); *Fung v. Abex Corp.,* 816 F. Supp. 569 (D.C.Cal. 1992)(government contractor may be "acting under" officer of United States for purposes of removal statute when Secretary of Navy exercised direct and detailed control over submarine construction).

14. Federal officer removal, pursuant to 28 U.S.C. § 1442(a), is an exception to the general rule requiring all named defendants to join in the removal petition. *Akin v. Ashland Chemical*, 156 F.3d 1030 (10th Cir. 1998); *Ely Valley Mines, Inc. v. Hartford Acc. and Indem. Co.,* 644 F.2d 1310, 1314 (C.A. Nev. 1981); *Fowler v. Southern Bell Tel. & Tel. Co.,* 343 F.2d 150, 152 (5th Cir. 1965); *Bradford v. Harding*, 284 F.2d 307, 310 (2nd Cir. 1960).

15. Should Plaintiff file a motion to remand this case, Viad respectfully requests an opportunity to respond more fully in writing, but at this time offers the following authorities regarding removal.

16. Removal pursuant to 28 U.S.C. §1442(a)(1) is appropriate where the moving party (1) demonstrates that it acted under the direction of a federal officer; (2) raises a colorable federal defense to plaintiff's claims; (3) shows a causal nexus between plaintiff's claims and acts it performed under color of federal office; and (4) is a "person" within the meaning of the statute. *Harris,* 532 F.Supp.2d at 1003; *Paldrmic*, 327 F.Supp.2d at 963; *Mesa v. California*, 489 U.S. 121, 124-25 (1989). All elements have been satisfied here; therefore, Viad is entitled to federal officer removal.

17. Any equipment manufactured for the United States Navy by Griscom-Russell Company was manufactured under the direction of a federal officer. *See, e.g., Harris,* 532 F.Supp.2d at 1005; *Marley,* 545 F.Supp.2d at 1271-1273; *Machnik,* 506 F.Supp.2d at 104; *Ferguson*, 475 F. Supp. 2d at 729-31. Griscom-Russell Company designed and manufactured any equipment sold to the United States Navy according to precise, detailed specifications of the United States Navy. The United States Navy enforced compliance with its design specifications. No aspect of the design of its equipment escaped the close control of the United States Navy and its officers. Moreover, the United States Navy specified what was to be written, posted, printed and published on any nameplate or signs for any machine manufactured for the United States Navy. *Id. See also* Lehman and Cushing Declarations (Exhibits E and F).

18. As recognized by the United States Supreme Court in *Boyle v. United Technologies Corp.*, 487 U.S. 500, 512 (1988), Viad, as the alleged successor-in-interest to Griscom-Russell Company, has a federal defense to this action, namely government contractor immunity from liability for injuries arising from any exposure to asbestos from equipment Griscom-Russell Company manufactured pursuant to contracts with, and specifications required by, the United States Navy. *See also, e.g., Harris,* 532 F.Supp.2d at 1005; *Marley,* 545 F.Supp.2d at 1271-1273; *Machnik,* 506 F.Supp.2d at 104; *Ferguson*, 475 F. Supp. 2d at 729-31.

19. Viad has raised a colorable federal defense to Plaintiffs' claims pursuant to the government contractor defense. Therefore, Viad cannot be liable under state law for any injuries caused by equipment sold to the United States Navy by Griscom-Russell Company. *See, e.g., Harris,* 532 F.Supp.2d at 1005; *Marley,* 545 F.Supp.2d at 1271-1273; *Machnik,* 506 F.Supp.2d at 104; *Ferguson*, 475 F. Supp. 2d at 729-31.

20. Plaintiff's claims are based on John Mulcahy's alleged exposure to asbestos from

5

material and equipment installed on a Navy vessel. Viad can demonstrate a casual nexus because any Griscom-Russell equipment that John Mulcahy came into contact with was designed and manufactured in strict accordance with the specifications required by the United States Navy. *See, e.g., Harris,* 532 F.Supp.2d at 1005; *Marley,* 545 F.Supp.2d at 1271-1273; *Machnik,* 506 F.Supp.2d at 104; *Ferguson*, 475 F. Supp. 2d at 729-31. See also Lehman and Cushing Declarations (Exhibits E and F).

21. Viad is a "person" within the meaning of the statute. Courts have recognized that a corporation can be a "person" under 28 U.S.C.§1442(a). *Alsup v. 3-Day Blinds, Inc.,* 435 F.Supp.2d 838, 845 n.3 (S.D. Ill. 2006)(citing *Camacho v. Autoridad de Telofonos de Puerto Rico*, 868 F.2d 482, 486-87 (1st Cir. 1989); *Paldrmic*, 327 F.Supp.2d at 965; *Davidson v. Arch Chems. Specialty Prods., Inc.*, 347 F.Supp.2d 938, 941 (D. Or. 2004); *Jones v. Three Rivers Elec. Coop.*, 166 F.R.D. 413, 414 (E.D. MO. 1996); *Good v. Armstrong World Indus., Inc.,* 914 F.Supp. 1125, 1127-28 (E.D. Pa. 1996); *Ryan v. Dow Chemical Co.,* 781 F.Supp. 934, 946 (E.D. N.Y. 1992).

22. A Notice of Filing of Notice of Removal, along with a copy of this Notice of Removal, will duly be filed with the Circuit Court Clerk for the Circuit Court of Cook County, State of Illinois, for filing with the state court action and will be served upon all counsel of record. A true and accurate copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit G.

23. Assuming the allegations of the Complaint are true, which Viad denies and holds Plaintiff to strict proof thereof, removal is proper under 28 U.S.C. §1442, because this is a civil action brought in state court and the federal district courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. §1442(a)(1) because Griscom-Russell was acting under an

officer or agency of the United States government, in this instance, the United States Navy.

**WHEREFORE**, pursuant to the foregoing authorities and in conformance with the requirements set forth in 28 U.S.C. §1446, Defendant Viad Corp removes this action from the Circuit Court of Cook County, State of Illinois.

**DATED: July 14, 2008**                    FOLEY & MANSFIELD, P.L.L.P.

By: *s/ Christina E. Dubis*
Robert J. Brummond    #6184723
Christina E. Dubis    #6242820
1001 Highlands Plaza Dr. W., Suite 400
St. Louis, MO 63110
(314) 645-7788
(314) 645-9945 [FAX]
**Attorneys for Defendant Viad Corp**